IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VERNON HARRIS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3362-SMY |
| | ) |
| RHP VENTURE HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Vernon Harris Jr. sued Defendant RHP Venture Holdings, LLC, for denying employment based on his consumer report without providing a required copy of the report, in violation of the Fair Credit Reporting Act ("FCRA"). On January 19, 2024, the Clerk of Court entered default against the defendants (Doc. 11).

Now before the Court is Plaintiff's Motion for Default Judgment (Doc. 13). For the following reasons, the motion is **GRANTED in part**.

### Background

In July 2023, Plaintiff applied a position with Defendant. (Doc. 1 p.2 ¶13). Following two interviews, Defendant extended Plaintiff a conditional offer subject to the results of Plaintiff's consumer report. (Doc. 1 at p.3 ¶¶19–21). Subsequently, Defendant decided not to hire Plaintiff based on information in Plaintiff's consumer report. (*Id.* at ¶22). However, Defendant failed to provide Plaintiff with a copy of the consumer report as required by the FCRA. (*Id.* at ¶23).

**Discussion**

Under Federal Rules of Civil Procedure 55, the court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. *Homer v. Jones–Bey,* 415 F.3d 749, 753 (7th Cir. 2005). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint as long as plaintiff's allegations are well-plead." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

However, complaint allegations regarding damages are not deemed true on default. *In re Catt,* 368 F.3d at 793 (citations omitted); *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* The determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted); *see also In re Catt,* at 793.

Here, Plaintiff seeks statutory damages, in the amount of $2,000.00, consisting of $1,000.00 in damages for each violation of 15 U.S.C. § 1681b(b)(1) and 15 U.S.C. § 1681b(b)(3). (Doc. 14 at p. 5). Under Section 1681n, a court may award statutory "damages of not less than $100 and not more than $1,000" if the violation is willful. 15 U.S.C. § 1681n(a)(1)(A). Under the FCRA, willfulness is defined as knowledge or recklessness. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007). A company "recklessly violates the FCRA when it commits '"a violation under a reasonable reading of the statute's terms,"' and its erroneous reading '"[runs] a risk of violating the law substantially greater than the risk associated with a reading that was merely

careless.'" *Persinger v. Southwest Credit Sys. L.P.*, 20 F.4th 1184, 1195 (7th Cir. 2021). Accepting Plaintiff's allegations as true, Defendant's failure to provide Plaintiff with the consumer report upon denying employment constitutes a violation under a reasonable reading of the FCRA.

In its discretion, a court may award punitive damages based on a defendant's willful noncompliance with the FCRA. 15 U.S.C. § 1681n(a)2. In determining the amount of punitive damages, the Supreme Court instructs district courts to consider "(1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 583 U.S. 408, 409 (2003). Here, Plaintiff has not provided any evidence to support his request for punitive damages. Thus, the Court declines to award punitive damages.

Finally, under the FCRA, Plaintiff may recover attorneys' fees and costs. 15 U.S.C. § 1681n(a)(3). The Court has reviewed the materials submitted in support of Plaintiff's request for $14,720.00 in attorneys' fees and $552.00 in costs and finds those amounts well supported and reasonable. Therefore, Plaintiff is awarded attorneys' fees and costs in the amount of $15,272.00.

### Conclusion

Plaintiff Vernon Harris Jr.'s Motion for Default Judgment (Doc. 13) is **GRANTED in part**. The Clerk of Court is **DIRECTED** to enter default judgment in favor of Plaintiff in the amount of $17,272.00 plus interest.

**IT IS SO ORDERED.**

**DATED: July 9, 2024**

**STACI M. YANDLE**
**United States District Judge**